## L. S. STARRETT CO. v. FERRIS et al.
## No. 19697.

### District Court, N. D. Ohio, E. D.
### May 2, 1940.

Hull, Brock & West, by John B. Hull, all of Cleveland, Ohio, for plaintiff.

Webster H. Ferris, for defendants.

JONES, District Judge.

Judgment after default was entered in this case against Webster H. Ferris, defendant, on April 14, 1939, whereupon, in accordance with judgment and decree, the matter was referred to the Master for an accounting of profits and damages due to the plaintiff. The Master heard the questions on accounting and also gave consideration to and reported in respect of infringement by a new test-indicator designed by the defendant Ferris and presented at the hearings on accounting. This new device is marked Exhibit 501. The Master filed his report containing his summary of findings of fact and conclusions of law, both in respect of accounting matters as well as on the question of infringement as to the test-indicator of the design of Exhibit 501. Exceptions were filed by the plaintiff to the Master's findings in respect of limitations imposed upon Claim 13 of the patent. The defendant Ferris objected to the Master's report only upon the alleged failure of the Master to give consideration to and determine the question as to whether his device exemplified by Exhibit 505 would constitute an infringement of the claims in issue.

Upon review and consideration of the Master's report, his findings and conclusions will be confirmed, and adopted as those of the Court. What has been found and reported in respect of Exhibit 501 will be approved as essential to adequate accounting, but no action is taken in respect of Exhibit 505, as requested by defendant Ferris. Contrary to the defendant Ferris' letter of December 16, 1939, to C. B. Watkins, Clerk, which is considered as an objection, it does not appear that defendant had any ground for assuming that the Master understood the defendant was contemplating making a device like Exhibit 505. The Master did refer to this exhibit as having a heavier part to hold the lever arm and contact member together, but that Ferris did not answer a question as to whether this was a new indicator which he proposed to make. The fact seems to be that defendant offered Exhibit 505 only on the question of whether it was removable or not without damage. (Record p. 97.) Under such circumstances, the Court cannot at this stage of the proceedings give consideration to the newly produced device and give an opinion respecting infringement in advance of the act, and where no issue is made on the matter. It may be said, however, that in appearance the device, Exhibit 505, is designed in marked resemblance to the plaintiff's indicator, as is asserted by it.

Decree may be entered giving effect to the Master's findings and conclusions, with exceptions to both parties.